## In re CIVIL SERVICE CHARGES AND SPECIFICATIONS AGAINST RADLINGER.

[Cite as *In re Civ. Serv. Charges & Specs. Against Radlinger,*
150 Ohio App.3d 715, 2002-Ohio-6862.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19444.

Decided Dec. 13, 2002.

Vincent Popp, for appellee William P. Radlinger.

John J. Danish and John C. Musto, for appellant city of Dayton.

WOLFF, Presiding Judge.

{¶ 1} The city of Dayton ("the city") appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed the civil service charges and specifications against William P. Radlinger ("Radlinger").

{¶ 2} Radlinger is a police officer with the city. On January 26, 1999, he failed to appear in court to testify in a criminal case because he had to take his father to a doctor's appointment. However, he lied to the prosecutor's office and the police department about his reason for being absent, stating that he had been investigating a homicide. The city filed charges and specifications against Radlinger on March 17, 1999, and a hearing was set for March 23, 1999. Prior to the hearing, Radlinger's attorney met with the police department's advocate and waived Radlinger's right to a hearing. The two agreed that Radlinger's attorney would submit a letter regarding the charges.

{¶ 3} On April 19, 1999, Radlinger's attorney submitted a letter in mitigation of the charges, in which Radlinger's plea was changed from not guilty to no contest. Radlinger was subsequently found guilty of the charges and specifications and given a 240–hour suspension by the departmental hearing officer. On June 25, 1999, he filed a notice of appeal with the civil service board. On July 2, 1999, the Fraternal Order of Police ("F.O.P.") filed a grievance claiming that the discipline was not timely under the contract between the F.O.P. and the city ("the F.O.P. contract"). The F.O.P. argued that the discipline was not issued within 280 work hours as required by the F.O.P. contract. The director of police denied the grievance, and the F.O.P. did not appeal it to the arbitration stage.

{¶ 4} On November 11, 1999, Radlinger filed a motion with the civil service board seeking to have the discipline against him dismissed due to lack of timeliness. The hearing office concluded that the civil service board did not have jurisdiction to consider the timeliness issue because it was a contractual interpretation question. The civil service board affirmed the reasonableness of Radlinger's discipline on March 29, 2000. He then appealed from the decision to the trial court. Based upon our decision in *In re Civ. Serv. Charges Against Piper* (2001), 142 Ohio App.3d 765, 757 N.E.2d 3, the trial court remanded the case to the civil service board to consider the issue of the timeliness of Radlinger's discipline. On remand, a hearing was conducted, and the civil service board concluded that Radlinger had waived the time limits through his attorney. Radlinger again appealed, and on June 21, 2002, the trial court concluded that he had not waived the time limits and that his discipline was barred by the time limits. The court further concluded that the pursuit of the grievance procedure in this case did not render the civil service board without jurisdiction to consider the issue of timeliness.

{¶ 5} The city appeals, raising four assignments of error.

{¶ 6} "I. The trial court misinterpreted the city of Dayton's argument and erred by not finding that R.C. 4117.10(A) precluded the civil service board's jurisdiction to determine timeliness of discipline after appellee filed and lost under the grievance procedure."

{¶ 7} Under this assignment of error, the city argues that, under R.C. 4117.10(A), the civil service board did not have jurisdiction to consider the timeliness of Radlinger's discipline because that issue had been the subject of a grievance filed by the F.O.P. on his behalf. Radlinger argues that he filed a notice of appeal with the civil service board prior to the union's filing a grievance on his behalf. He also argues that the union's actions should not deprive him of a review by the civil service board.

{¶ 8} R.C. 4117.10(A) provides:

{¶ 9} "If the agreement [between the employer and the union] provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure."

{¶ 10} In *Piper,* we noted that the purpose of R.C. 4117.10(A) was "to prevent dual litigation through both an arbitration exercise and a separate appeal to a civil service commission." 142 Ohio App.3d at 772, 757 N.E.2d 3, citing *In re Lemley–Wingo* (Aug. 22, 1990), Ross App. No. 1622, 1990 WL 127040. In that

case, we concluded that the civil service board had jurisdiction to consider the timeliness of discipline in a situation where no grievance was pursued. We are now required to consider whether the civil service board has jurisdiction to consider the timeliness of discipline where a grievance has been pursued. Based upon the language of R.C. 4117.10(A) and our interpretation of it in *Piper*, we conclude that the civil service board did not have jurisdiction to consider the timeliness of Radlinger's discipline.

{¶ 11} Given R.C. 4117.10(A)'s purpose in preventing dual litigation, we are not persuaded by Radlinger's argument that he filed a notice of appeal with the civil service board prior to the grievance being pursued by the union. The timeliness of Radlinger's discipline was the subject of a final and binding grievance procedure prior to the civil service board's deciding the matter. At the time that the F.O.P. failed to appeal the grievance to arbitration, it was considered to be resolved and therefore final and binding. At that time, the civil service board no longer had jurisdiction to consider the timeliness of Radlinger's discipline. To hold otherwise would result in an employee being able to avail himself of the "dual litigation" prohibited by R.C. 4117.10(A) simply by filing the notice of appeal to the civil service board prior to pursuing a grievance. This is clearly not the result contemplated by the statute. We therefore conclude that a final and binding result in a grievance procedure, at any time before or during the pendency of an appeal to the civil service board, divests the civil service board of jurisdiction to consider the issue that was the subject of the grievance procedure.

{¶ 12} We are equally unpersuaded by Radlinger's contention that the union, rather than Radlinger himself, filed the grievance. As Radlinger notes, he had the option of appealing his discipline to the civil service board under R.C. 124.34(C). There is no question in this case that the civil service board had jurisdiction to consider the reasonableness of Radlinger's discipline. However, timeliness is a contractual issue and is separate from reasonableness. In *Piper*, we concluded that the civil service board had jurisdiction to consider the timeliness of discipline when the employee had appealed both the reasonableness and the timeliness to the civil service board and where there had not been a grievance relating to the timeliness of discipline. However, in this case, there was a grievance regarding the timeliness of Radlinger's discipline, and that grievance divested the civil service board of jurisdiction to consider the issue. Radlinger, as a member of the union, is bound by the terms of the F.O.P. contract, which gives the F.O.P. the right to pursue grievances on an employee's behalf. Therefore, with regard to the issue of the timeliness of Radlinger's discipline, the union was permitted to file a grievance on his behalf, thereby choosing the method by which the issue of timeliness would be resolved.

{¶ 13} The first assignment of error is sustained.

{¶ 14} "II. The trial court erred by not finding that the F.O.P. contract precluded appellee from filing both a grievance and a civil service appeal on the same issue.

{¶ 15} "III. The trial court erred by finding that appellee's attorney's conduct, which both appellee's attorney and the city's advocate unanimously agreed constituted a waiver of the contractual time limits, did not constitute a waiver as a matter of law.

{¶ 16} "IV. The trial court erred by not finding that appellee was estopped from enforcing a contractual time limit appellee hindered the city from meeting."

{¶ 17} The second, third, and fourth assignments of error are rendered moot by our disposition of the first assignment of error and are overruled.

{¶ 18} The judgment of the trial court will be reversed, and this matter will be remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN and GRADY, JJ., concur.